**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**TILE SOLUTION SERVICES, INC.**               **CIVIL ACTION**

**VERSUS**                                     **NO. 18-11508**

**CARRINGTON MORTGAGE SERVICES, LLC**          **SECTION "B"(2)**

### ORDER AND REASONS

Defendant filed a motion to dismiss plaintiff's claim for lack of subject matter jurisdiction. Rec. Doc. 4. Plaintiff filed a memorandum in opposition. Rec. Doc. 10.

For the reasons discussed below,

**IT IS ORDERED that the motion to dismiss is GRANTED in part, without prejudice to consider additional briefing from parties on remand issues raised *sua sponte* by the Court *infra*.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed this suit in the Twenty-Second Judicial District Court for the State of Louisiana on October 31, 2018. Rec. Doc. 1-1 at 1. Defendant then removed the case to this Court on November 26, 2018 on the basis of diversity jurisdiction. Rec. Doc. 1 at 2. Plaintiff, a real estate title company in the business of closing commercial and residential sales, alleges that it closed the sale of property owned by Bryan Joseph Baumy, Jr. and Rori A. Crowley Baumy on October 17, 2017. Rec. Doc. 1-1 at 1. Plaintiff states that defendant Carrington Mortgage Services, LLC ("Carrington") was the holder of a promissory note the Baumy's

1

made in favor of Carrington and secured by a first mortgage on the referenced property. Id. at 2. Plaintiff asserts that it requested a written payoff from defendant in conjunction with the sale of Baumy's referenced property, but defendant would not communicate with plaintiff. Id. After plaintiff had the Baumy's request the payoff from defendant, plaintiff states that defendant responded and supplied the Baumy's with a written pay off for the amount of $152,819.77. Id. Plaintiff states that after the closing documents were completed for the sale of the property, plaintiff sent payment of $152,819.77 to defendant but defendant unjustifiably demanded additional payment, ultimately returning the $152,819.77 and thereafter refusing to cancel its first mortgage on the property. Id. at 3. Plaintiff claims that defendant amended its payoff statements three more times, adding additional fees and charges each time plaintiff attempted to contact defendant, before plaintiff was forced to pay the amount of $163,551.19. Id. Plaintiff avers that defendant's actions were negligent and constitute unfair trade practices, and that pursuant to La. R.S. 9:5385 defendant was required to produce the satisfied promissory note or an instrument of release sufficient to cancel the mortgage but failed to do so. Id. at 4-5. Plaintiff seeks $10,731.42 in damages, as well as all special and general damages, including expert witness fees, attorney's fees, and statutory penalties. Id. at 5. The latter sum represents the difference between the final

loan payoff figure and the original payoff amount. Plaintiff further argues that it paid that difference out of its own funds, not the closing sale proceeds, to avoid a title insurance claim against it as carrier on the title insurance policy.

Defendant filed the instant motion to dismiss pursuant to F.R.C.P. 12(b)(1) on the grounds that plaintiff lacks standing to assert any of the claims in the petition as it is not the owner of the subject property or the borrower on the pre-existing mortgage loan. Rec. Doc. 4. Plaintiff filed a response in opposition, arguing that it suffered actual damages of $10,731.42 plus fees and costs, there is a causal connection between the injury and defendant's conduct, and its injury will be redressed by a favorable decision at trial of this matter. Rec. Doc. 10.

### **LAW AND ANALYSIS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the parties asserting jurisdiction bear the burden of "alleg[ing] a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Federal courts are courts of limited jurisdiction, and therefore have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

377 (1994). Constitutional standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Constitutional standing has three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal quotation marks and citations omitted).

In *Accent Title, LLC v. Ocwen Loan Servicing, LLC,* 2015 WL 3862904 (M.D. La. June 22, 2015) the Court dismissed a claim by a closing agent against a mortgage holder for allegedly providing payoff quotes, refusing to accept payoff funds, increasing the payoff amount, and failing to cancel the mortgage. *See Accent Title, LLC*, 2015 WL 3862904 at 1. The Court held that that "any ascertainable loss is suffered by the property owner(s), not the closing agent of the title company" and therefore the plaintiff's "petition fails to allege an ascertainable loss or rights relating to the loan that demonstrate plaintiff's standing." *See Accent Title, LLC*, 2015 WL 3862904 at 2.

A. <u>Standing</u>

4

As discussed by the Court in *Accent Title,* the "consumer" of the goods provided by defendant, i.e. the loan, is the mortgagor and not the title company. Plaintiff's petition states that the promissory note held by defendant was made by the Baumy's and secured by a mortgage on property owned by the Baumy's. Rec. Doc. 1-1 at 2. The payoff request was communicated not to plaintiff, but to the Baumy's. Id. Unless plaintiff acquired an identifiable economic interest in the subject loan or any portion of its final payoff amount, plaintiff lacks standing to pursue a claim on behalf of the debtors on that loan.

While plaintiff has no interest in the original loan payoff amount that was paid out of the closing proceeds, i.e. $152,819.77, it has identified an economic interest in the $10,731.42 difference between the final loan payoff of $163,551.19 and the original payoff amount. Unlike the facts in *Accent Title*, plaintiff claims it was obliged to pay and did pay the latter amount from its own funds, not from the sale proceeds. In support of that claim, plaintiff argues it acted to avoid a claim against the title insurance policy that it issued. As a result, plaintiff contends it was damaged by defendant's alleged "arbitrary failing to honor the written [loan] payoff that it [Carrington] first gave."

In summary, **the motion to dismiss is granted in part**, based on plaintiff's lack of standing to assert a claim over the original payoff amount paid by the borrowers, i.e. $152,819.77. Because the

5

value of the remaining claim over the amount paid by plaintiff is apparently less than the $75,000 threshold for diversity jurisdiction[1], the Court raises *sua sponte* whether the remaining claim should be remanded to state court for further proceedings.

A core principle of federalism recognizes the primacy of the state courts. It follows, of course, that federal courts are courts of limited jurisdiction. The fact that the notice of removal was arguably proper in the first place appears irrelevant in view of post-removal dismissal of certain monetary claims that originally met diversity jurisdictional standards, and clear statutory mandate relative to remaining monetary claims that do not. The dictates of § 1447, following the 1988 amendments, appear to be relatively straightforward: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, **the case shall be remanded.**" 28 U.S.C. § 1447(c) (emphasis added). There is also a longstanding rule that federal courts retain jurisdiction when judicial economy, convenience, and fairness are sometimes best served. *See, e.g., Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205-06 (9th Cir.1991).

Moreover, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, **post-removal affidavits, stipulations, and amendments** reducing the

---

[1] Arguably, the alleged damages for $10,731.42 plus punitive/treble damages and attorney fees under the Louisiana Unfair Trade Practices Act would still fall less than the $75,000 threshold.

amount do not deprive the district court of jurisdiction. *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-92, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998) see also *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1407 (5th Cir.1995). *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000)(Emphasis Added). The only post-removal event here is the Court's order and findings relative to the amount-in-controversy.

Furthermore, in somewhat similar context, "A federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain." *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir.1991). A court considering whether to continue to exercise supplemental jurisdiction over such state-law claims must consider the provisions of § 1367(c) and the factors the Supreme Court outlined in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350-51, 108 S.Ct. 614 (1988) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir.2002). Those factors include judicial economy, convenience,

fairness, and comity. *Amedisys*, 298 F.3d at 446; *see also Jones v. Adam's Mark Hotel,* 840 F.Supp. 66, 69 (S.D.Tex.1993). The "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.,* 554 F.3d 595, 602 (5th Cir.2009). When a federal-law claim is "eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir.2011) (quoting *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130) (internal quotation marks omitted).

However, parties will be given a chance to submit additional briefing on the authority to remand remaining claims for damages that appear to be less than the diversity jurisdiction amount.

Therefore,

**IT IS FURTHER ORDERED that no later than April 16, 2019 parties shall file supplemental memoranda, not to exceed 10 pages, on whether this case should be remanded to state court. Parties may also submit reply memorandum, not to exceed 4 pages,**

**provided it is filed within three calendar days of the filing of the opponent's original supplemental memorandum.**

New Orleans, Louisiana, this 1st day of April 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE