**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TITLE SOLUTION SERVICES, INC.**                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 18-11508**

**CARRINGTON MORTGAGE SERVICES, LLC**                       **SECTION "B"(2)**

**OPINION**

The Court previously raised remand issues *sua sponte* after granting in part defendant's motion to dismiss for lack of subject-matter jurisdiction. Rec. Doc. 11. The Court found that plaintiff did not have standing to assert a claim over the original payoff amount of $152,819.77 but did have standing to pursue a claim over the $10,731.42 difference it paid from its own funds. Id. at 5. Because the claim amount fell below the $75,000 threshold for diversity jurisdiction, the Court instructed parties to submit additional briefing on the issue of remand. Id. Both parties timely complied. Rec. Docs. 11, 12.

Plaintiff contends that this matter should be remanded because the amount in controversy falls well below the $75,000 threshold. Rec. Doc. 12. The actual damages alleged in plaintiff's original petition were $10,731.42, and although Louisiana's unfair trade practice statute provides for awarding three (3) times the actual damages sustained, plaintiff states that this still would not exceed the diversity jurisdiction threshold. Id. at 2 (citing L.S.A.-R.S. 51:1409(A)). Further, because the amount of attorney's

1

fees that may be incurred in this suit have not been calculated, it cannot be used to add to the amount required to establish diversity jurisdiction. On the other hand, defendant opposes remand because it claims that the amount in controversy exceeded $75,000 at the time of removal and the Court's post-removal order does not divest the Court of diversity jurisdiction. Rec. Doc. 13.

Post-removal affidavits, stipulations, and amendments reducing the amount-in-controversy do not deprive the district court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-92 (1938). However, at the time of filing the state action and subsequent removal notice, plaintiff only had standing to assert a claim well below the minimum amount for diversity jurisdiction. The only claim then and remaining is for the $10,731.42 difference plaintiff paid from its own funds, subject to a triple multiplier under the Louisiana unfair trade practice statute. The damages at issue do not meet the amount-in-controversy requirement for diversity jurisdiction; thus, the Court lacks subject-matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c).

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana this 28th day of August 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE